UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NATIONAL JOCKEY CLUB, | ) | Case No. 06-13247 |
| an Illinois corporation, | ) | |
| | ) | Hon. Pamela S. Hollis |
| Debtor. | ) | |
| | ) | Hearing Date: December 8, 2011 |
| | ) | Hearing Time: 10:30 a.m. |

## NOTICE OF MOTION

**TO:**   See attached Service List

**PLEASE TAKE NOTICE** that on **Thursday, December 8, 2011** at **10:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Pamela S. Hollis,** Bankruptcy Judge, in Courtroom 644 in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **Seventh and Final Application of Shaw Gussis, Counsel to the Unsecured Creditors Committee, for the Allowance and Payment of Compensation, the Reimbursement of Expenses and Related Relief,** a copy of which is attached hereto and shall pray for the entry of an order in conformity with the prayer of said pleading.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  November 16, 2011 | The Official Committee of Unsecured Creditors of National Jockey Club |
| Ira Bodenstein (#3126857) | |
| Marylynne Schwartz (#6297576) | By: _/s/    Marylynne Schwartz_ |
| Shaw Gussis Fishman Glantz | One of its attorneys |
|   Wolfson & Towbin LLC | |
| 321 North Clark Street, Suite 800 | |
| Chicago, Illinois 60654 | |
| (312) 980-3805  telephone | |
| (312) 980-3888  facsimile | |
| mschwartz@shawgussis.com | |
| *Counsel for The Official Committee of* | |
| *Unsecured Creditors of National Jockey Club* | |

{5856 APPL A0303565.DOC}

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that she caused to be served a copy of the attached **Seventh and Final Application Of Shaw Gussis, Counsel To The Unsecured Creditors Committee, For The Allowance And Payment Of Compensation, The Reimbursement Of Expenses And Related Relief** upon the ECF participants through the Court's ECF system and upon the below service list, via U.S. Mail delivery, on November 16, 2011.

/s/    Marylynne Schwartz

## SERVICE LIST

Chad H. Gettleman
Nathan Q. Rugg
Adelman & Gettleman
53 West Jackson Boulevard
Suite 1050
Chicago, IL 60604
Fax: 312-435-1059

Kathryn M. Gleason
Office of the US Trustee
US Department of Justice
227 W. Monroe Street, Suite 3350
Chicago, IL 60606
Fax: 312-886-5794

Barry A. Chatz
Arnstein & Lehr LLP
120 S. Riverside Plaza
Suite 1200
Chicago, IL 60606-3910
Fax: 312-876-0288

Brad B. Erens
Robert E. Krebs
Jones Day
77 West Wacker, Suite 3500
Chicago, IL 60601
Fax: 312-782-8585

Edward M. White
Anthony Carey
Francis Kevin Murnighan
Carey Filter White & Boland
33 W. Jackson Blvd., 5th Floor
Chicago, IL 60604
Fax: 312-939-4285

Michael L. Gesas
Gesas Pilati Gesas and Golin Ltd.
53 W. Jackson Blvd.
Suite 528
Chicago, IL 60604
Fax: 312-939-1742

James M. Breen, Esq.
Jeffrey G. Close, Esq.
Chapman & Cutler, LLP
111 W. Monroe Street
Chicago, IL 60606
Fax: 312-701-2361

Avrum H. Dannen, Esq.
Berger, Newmark & Fenchel P.C.
303 W. Madison Street
Suite 230
Chicago, IL 60601
Fax: 312-782-6491

Glenn Alan Nadell
3906 Bordeaux court
Northbrook, IL 60062
Fax: 847-205-5204

William J. McKenna
Jonathan E. Aberman
Foley & Lardner LLP
321 N. Clark Street
Suite 2800
Chicago, IL 60610
Fax: 312-832-4700

Robert J. LaBate
Lisa D. Johnson
Holland & Knight, LLP
131 S. Dearborn Street
30th Floor
Chicago, IL 60603
Fax: 312-578-6666

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NATIONAL JOCKEY CLUB, | ) | Case No. 06-13247 |
| an Illinois corporation, | ) | |
| | ) | Hon. Pamela S. Hollis |
| Debtor. | ) | |
| | ) | Hearing Date: December 8, 2011 |
| | ) | Hearing Time: 10:30 a.m. |

**SEVENTH AND FINAL APPLICATION OF SHAW GUSSIS,
COUNSEL TO THE UNSECURED CREDITORS COMMITTEE,
FOR THE ALLOWANCE AND PAYMENT OF COMPENSATION,
THE REIMBURSEMENT OF EXPENSES AND RELATED RELIEF**

Shaw Gussis Fishman Glantz Wolfson & Towbin LLC (collectively, "Shaw Gussis") hereby applies to this Court by its Seventh and Final Fee Application (the "Final Application") pursuant to 11 U.S.C. §§ 330 and 331 for: (i) the allowance of $28,057 in final compensation for 66.1 hours of professional services (the "Services") rendered on behalf of Official Committee of Unsecured Creditors appointed pursuant to 11 U.S.C. § 1102 (the "Committee") during the period of August 1, 2010 through October 31, 2011 (the "Final Allowance Period") and the reimbursement of $105.59 for costs incurred incidental to those Services; (ii) final approval of interim compensation and expense reimbursement previously applied for and awarded by this Court on an interim basis for the period between November 15, 2006 to July 30, 2010 (the "Interim Allowance Period"). In support of this Final Application, Shaw Gussis respectfully represents as follows:

## BACKGROUND

1. On October 17, 2006 (the "Petition Date"), National Jockey Club, an Illinois corporation (the "Debtor"), filed a petition for relief under chapter 11 of the Bankruptcy Code.

{5856 APPL A0303565.DOC}

Since the Petition Date, the Debtor has been administering its estate as a debtor in possession pursuant to 11 U.S.C. §§ 323, 1107 and 1108.

2. On November 15, 2006, the United States Trustee for this judicial district appointed the Committee. The Committee currently consists of the following unsecured creditors: (1) Laner Muchin Dombrow Becker Levin and Tominberg, Ltd.; (2) Tishler & Wald, Ltd.; (3) Nash, Lalich & Kralovec, LLC; and (4) Wildman, Harrold, Allen & Dixon LLP.

3. This Court has jurisdiction over this Final Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

## RETENTION OF SHAW GUSSIS

4. On November 17, 2006, the Committee applied to this Court for an order approving the retention of Shaw Gussis as its bankruptcy counsel in connection with this chapter 11 case. On November 30, 2006, this Court entered an order (the "Retention Order") authorizing the Committee to employ Shaw Gussis as bankruptcy counsel effective as of the November 15, 2006.

5. On January 26, 2007, the Debtor filed its Motion For An Administrative Order Establishing Procedures For Payment Of Monthly Interim Compensation And Reimbursement Of Expenses Of Professionals and on February 8, 2007 this Court entered an order (the "Administrative Order") granting the same. Pursuant to the Administrative Order, Shaw Gussis was eligible to receive eighty percent (80%) of its fees and one-hundred percent (100%) of its expenses on a monthly basis by submitting, on or before the last day of each month following the month for which compensation is sought, a monthly statement detailing the fees and expenses incurred (a "Monthly Statement").

## THE SERVICES RENDERED BY SHAW GUSSIS

6.  In the aggregate, Shaw Gussis's attorneys have spent in excess of 66.1 hours providing professional services on behalf of the Committee in connection with this chapter 11 case during the Final Allowance Period. All of the Services for which compensation is requested were Services which, in Shaw Gussis's billing judgment, were necessarily rendered after due consideration of the expected cost and anticipated benefit of such Services.

7.  In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Gussis's services during the Final Allowance Period, and in compliance with Local Rule 5082-1, Shaw Gussis has classified its Services into five (5) separate categories of Services which are included as separate categories on the invoice attached to this Final Application as Exhibit A.[1] The following are the generalized subject matters for each category:

   A.  Case Administration: During the Final Allowance Period, professionals at Shaw Gussis, among other things: (i) reviewed and analyzed monthly operating reports filed by the Debtor; and (ii) reviewed DII motions and responded accordingly. Shaw Gussis seeks the sum of $3,510 for 7.7 hours of Services rendered in this category.

   B.  Creditors and Claims: During the Final Allowance Period, professionals at Shaw Gussis conferred with counsel for the debtor to discuss various claims issues. Shaw Gussis seeks the sum of $665 for 1.4 hours of Services rendered in this category.

   C.  Fee Applications: During the Final Allowance Period, professionals at Shaw Gussis: (i) prepared, filed and presented before this Court its Sixth Interim Fee Application, (ii) reviewed fee statements from other professionals in the case, and (iii) prepared,

---

[1] Exhibit A shows the invoices from two different time keeping systems since Shaw Gussis switched systems during the Final Allowance Period.

this Final Application. Shaw Gussis seeks the sum of $4,501.50 for 16.2 of Services rendered in this category.

   D. <u>Ganassi Litigation</u>: During the Final Allowance Period, professionals at Shaw Gussis: (i) reviewed and analyzed the memorandum opinion issued by Judge Manning, and (ii) were involved in the negotiation, documentation and presentation of the settlement regarding the Ganassi litigation. Shaw Gussis seeks the sum of $3,990 for 8.4 hours of Services rendered in this category.

   E. <u>Plan of Reorganization</u>: During the Final Allowance Period, professionals at Shaw Gussis, among other things, (i) reviewed, analyzed and attended hearings on the Debtor's plan of reorganization and regularly conferred with Debtor's counsel regarding the same, (ii) negotiated and drafted revisions to the plan of reorganization and disclosure statement; and (iii) communicated with the Committee regarding status of plan confirmation and voting procedures. Shaw Gussis seeks the sum of $15,390 for 32.4 hours of Services rendered in this category.

  8. All of the Services for which compensation is requested were rendered in connection with the Debtor's chapter 11 case and related contested matters.

  9. In addition, and in accordance with Local Rule 5082-1(B)(1), the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| **Professional** | **Position** | **Rate**[2] | **Hours** | **Amount** |
|---|---|---|---|---|
| Ira Bodenstein | Member | $475.00 | 50.2 | $23,845.00 |
| Mark L. Radtke | Member | $370.00 | 1.4 | $518.00 |
| Marylynne Schwartz | Associate | $254.76 | 14.5 | $3,694.00 |
| | | **Total:** | **66.1** | **$28,057.00** |

---

[2] The rate is a blended rate from 2010 and 2011 rates.

{5856 APPL A0303565.DOC}    4

10. The hourly rates charged by Shaw Gussis with respect to the Debtor's case compare favorably with the rates charged by other Chicago metropolitan firms having attorneys with similar experience and expertise as the Shaw Gussis attorneys providing services to the Committee in connection with this case. Further, the amount of time spent by Shaw Gussis with respect to its representation of the Committee is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake and the sophistication and experience of opposing counsel.

11. In summary, the amount of compensation sought with respect to the five categories of Services set forth above is $28,057. Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the Services, (ii) the time spent, (iii) the rates charged for such Services, (iv) the performance of the Services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed, and (v) the reasonableness of the Services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Gussis respectfully submits that this amount represents a fair and reasonable amount for the allowance of interim compensation in this case.

### THE EXPENSES REQUESTED

12. All of the expenses for which reimbursement is requested are expenses which Shaw Gussis customarily recoups from all of its clients. The types of costs for which reimbursement is customarily sought are listed below:

| Internal Photocopying | 10¢ per page |
|---|---|
| PACER charges | actual cost |
| Postage | actual cost |

13. The specific expenses for which reimbursement is requested (the "Expenses") during the Final Allowance Period are as follows:

| Photocopying | $ 30.80 |
| --- | --- |
| PACER Fees | $ 55.76 |
| Postage | $ 19.03 |
| **TOTAL**: | **$ 105.59** |

14. In sum, all of the Expenses are costs actually borne by Shaw Gussis and were necessarily incurred in connection with this case. As noted previously, all of the Expenses for which reimbursement is requested are of the type and amount that Shaw Gussis customarily recoups from all of its clients. Further, the Expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts. An itemization for all Expenses for which reimbursement is sought by this Final Application is contained in Exhibit A.

## COMPENSATION AND EXPENSES RECEIVED TO DATE BY SHAW GUSSIS

15. In connection with its retention, Shaw Gussis was provided with a $25,000 retainer paid from funds of the Debtor's estate (the "Retainer"). On April 17, 2007, this Court entered an order approving the First Interim Application of Shaw Gussis and awarding Shaw Gussis $47,289.50 in fees and $90.14 in expenses for the period of November 15, 2006 through February 28, 2007. After crediting the Retainer and amounts received on Monthly Statements, the Debtor paid Shaw Gussis the balance due of $4,457.90. On July 12, 2007, this Court entered an order approving the Second Interim Application at Shaw Gussis and awarding Shaw Gussis $51,074.00 in fees and $500.12 in expenses for the period of March 1, 2007 through May 31, 2007. After crediting amounts received on Monthly Statements, the Debtor paid Shaw Gussis the balance due of $10,624.80. On January 17, 2008, this Court entered an order approving the Third Interim Application of Shaw Gussis and awarding Shaw Gussis $88,997.50 in fees and $492.21 in expenses for the period June 1, 2007 through November 30, 2007. After crediting amounts received on Monthly Statements, the Debtor paid Shaw Gussis the balance due of

$22,698.25. On November 25, 2008, this Court entered an order approving the Fourth Interim Application of Shaw Gussis and awarding Shaw Gussis $18,662.50 in fees and $137.91 in expenses for the period of December 1, 2007 through September 30, 2008. After crediting amounts received on Monthly Statements, the Debtor paid Shaw Gussis the balance due of $16,018.74. On June 2, 2009, this Court entered an order approving the Fifth Interim Application of Shaw Gussis and awarding Shaw Gussis $8,256.50 in fees and $93.87 in expenses for the period of October 1, 2008 through March 31, 2009. Shaw Gussis applied part of the Retainer to pay this amount. On September 30, 2011, this Court entered an order approving the Sixth Interim Application of Shaw Gussis and awarding Shaw Gussis $13,418.50 in fees and $62.39 in expenses for the period of April 1, 2009 through July 31, 2010. Shaw Gussis applied part of the Retainer to pay this amount.

16.     There is currently $26,360.13[3] remaining in the Retainer.

17.     Shaw Gussis has not received payment for any of the Services performed or Expenses incurred during the Final Allowance Period.

18.     Shaw Gussis is requesting authorization to apply the Retainer to the payment of all Fees and Expenses allowed pursuant to this Final Application.

19.     Shaw Gussis is further requesting the Debtor pay Shaw Gussis $1,700.19, the amount owed after application of the Retainer.

20.     Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Gussis and any other firm, person or entity for the sharing or division of any compensation paid or payable to Shaw Gussis.

---

[3] On January 11, 2010 an overpayment by the Debtor of $8,313.67 was applied to the Retainer.

## NOTICE

21.　Notice of this Final Application has been provided to those entities designated to receive Shaw Gussis's Monthly Statement by the Administrative Order and other parties requesting notice in this case. Shaw Gussis respectfully requests that additional notice of the hearing on this Final Application be excused for good cause shown pursuant to Fed. R. Bankr. P. 2002(a)(6) and 9007.

**WHEREFORE**, Shaw Gussis requests the entry of an order, substantially in the form attached hereto that: (a) allows Shaw Gussis $28,057 in compensation for the Final Allowance Period; (b) allows Shaw Gussis $105.59 in expense reimbursement for the Final Allowance Period; (c) allows Shaw Gussis to apply the Retainer to part of the balance owed; (d) authorizes and directs the Debtor to pay Shaw Gussis $1,700.19, the amount owed after the Retainer is applied; (e) approves on a final basis all Previously Allowed Fees and Expenses awarded by this Court during the Interim Allowance Period; (f) waives other and further notice of this hearing with respect to this Final Application; and (g) provides Shaw Gussis with such additional relief as may be appropriate under the circumstances.

Respectfully submitted,

Dated: November 16, 2011

Shaw Gussis, counsel for the Official Committee of Unsecured Creditors of National Jockey Club

Ira Bodenstein (#3126857)
Marylynne Schwartz (#6297576)
Shaw Gussis Fishman Glantz
　Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
Telephone: (312) 980-3805
Facsimile: (312) 252-4907

By: */s/ Marylynne Schwartz*　　
　　One of its attorneys